IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ADAM LaGESSE,                        )
                                     )
                Plaintiff,           )
                                     )
        vs.                          )    Case No.:  3:21-CV-726
                                     )
JAMES RIVER ARMORY, INC.             )    JURY DEMANDED
                                     )
                Defendant.           )
                                     )
                                     )

## DEFENDANT JAMES RIVER ARMORY, INC.'S NOTICE OF REMOVAL

Defendant, James River Armory, Inc. ("James River"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 notifies this Court that it is removing the above captioned action currently pending in the Circuit Court of Chippewa County, Wisconsin to the United States District Court for the Western District of Wisconsin. In support, James River states as follows:

## INTRODUCTION

1.      The removed case is a civil personal injury action commenced on October 26, 2021 in the Circuit Court of Chippewa County, Wisconsin by Plaintiff Adam LaGesse ("Plaintiff") styled *Adam LaGesse v. James River Armory, Inc., Case No. 2021-CV-000279* (the "State Court Action"). *See* Plaintiff's Complaint attached hereto as Exhibit "A." James River is the only named defendant.

2.      In this suit, Plaintiff is prosecuting a personal injury claim against James River alleging one cause of action for negligence. *See* Ex. A ¶¶ 6-22. Plaintiff claims that he was injured when the receiver of his James River BM-59 MK-4 Mag Fed .308 rifle allegedly "exploded in his face." Ex. A ¶¶ 7-8.

3.     Plaintiff's complaint seeks compensatory damages, damages for pain and suffering, physical damage, loss of income, mental distress, medical expenses, loss of enjoyment of shooting and hunting, and punitive damages. *See* Ex. A Prayer For Relief.

## PROCEDURAL REQUIREMENTS

4.     Pursuant to 28 U.S.C. § 1446(b)(1), this notice of removal is timely filed within thirty (30) days after James River was served with the Summons and Complaint on October 27, 2021.

5.     Pursuant to 28 U.S.C. § 1446(a), venue is proper because the United States District Court for the Western District of Wisconsin encompasses the geographic area of the Circuit Court of Chippewa County, Wisconsin, where the removed action is pending.

6.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Circuit Court of Chippewa County, Wisconsin promptly after filing of the same in this Court.  A copy of the finalized document to be filed, including exhibits, is attached hereto as Exhibit "B." Written notice will be provided to all adverse parties via the state court electronic filing system.

7.     If any question arises as to the propriety of the removal of this action, James River requests the opportunity to conduct discovery, present summary judgment-type evidence, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

8.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of James River's right to assert defenses including, without limitation, the defenses of (i) lack of personal jurisdiction, (ii) improper venue and/or forum *non conveniens*, (iii) insufficiency of service of process, (iv) improper joinder of claims and/or parties, (v) failure to

state a claim, (vi) failure to join an indispensable party or parties, or (vii) any other procedural or substantive defense available under state or federal law.

## DIVERSITY JURISDICTION

9.      Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case. Original jurisdiction requires diversity of citizenship among the parties or the existence of a federal question. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021); *see also Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 115 (11th Cir. 2007,citing 28 U.S.C. § 1441(b). This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) as plaintiff and James River are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

### A.  Complete Diversity of Citizenship Exists

10.     James River is a North Carolina corporation with its headquarters and principal place of business located in Burgaw, North Carolina. *See* Ex. A ¶ 2). Therefore, James River is a citizen of North Carolina for jurisdictional purposes. *See* 28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business..."). Plaintiff is a resident citizen of New Auburn, Chippewa County, Wisconsin. *See* Ex. A ¶ 1). As such, there is complete diversity of citizenship among the parties for purposes of removal.

### B.  The Amount in Controversy Exceeds $75,000.00

11.     James River disputes that it is liable for any damages whatsoever, however removal of this action is proper because the amount in controversy exceeds $75,000.

12.     When a party removes a case to federal court on the basis of diversity jurisdiction, the "removing party need not show that plaintiff will prevail or collect more than $75,000… the burden, rather, is to show what the plaintiff hopes to get out of the litigation" and that his expecation exceeds the jurisdictional amount. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). When the complaint fails to specify the amount of damages sought, the defendant must establish a "reasonable probability" that the jurisdictional threshold is satisfied. *See id.* Absent any unusual circumstances, a district court may make reasonable inferences to determine if the amount in controversy is satisfied. *See Mailwaukee Mailing, Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F. Supp. 2d 769, 774 (E.D. Wis. 2003); *see also Loc. Div. 519, Amalgamated Transit Union, AFL-CIO v. LaCrosse Mun. Transit Util.*, 445 F. Supp. 798, 809 (W.D. Wis. 1978) ("a court may exercise jurisdiction in the absence of a specific averment, if the requisite dollar amount can be inferred from the complaint.").

13.     Moreover, "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount." *Sharp Elecs. Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir. 1991) (quoting *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943). If punitive damages are recoverable, the court has subject matter jurisdiction "unless it is clear beyond a legal certainty that plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542 (7th Cir. 2008). In Wisconsin, punitive damages are capped at twice the amount of any compensatory damages awarded or $200,000, whichever is greater. Wis. Stat. Ann. § 895.043(6).

14.     Under Wisconsin law, punitive damages may be recovered in a products liability action where there is evidence that the defendant acted with "malice, or willful, wanton, reckless

disregard toward the plaintiff." *Wangen v. Ford Motor Co.*, 97 Wis. 2d 260, 277, (1980); *see also* Wis. Stat. Ann. § 895.043(3).

15.     In his complaint, plaintiff seeks damages for pain and suffering, lost income, incurred medical expenses, mental distress, and loss of enjoyment of shooting firearms and hunting as a result of a firearm allegedly exploding in his face. *See* Ex. A ¶ 17-21. Furthermore, Plaintiff alleges that he is entitled to punitive damages on the basis that James River demonstrated "willful indifference to the rights and safety of others" by failing to provide timely notice to purchasers that it had sold rifles with defective cast receivers. Ex. A ¶ 16).

16.     Based on reasonable deductions and common sense, it is more likely than not that the amount in controversy exceeds $75,000.00. When just considering plaintiff's claims for pain and suffering, loss of income, medical expenses, and mental distress, there is a "reasonable probability" that potential damages exceeds the jurisdictional threshold. Adding plaintiff's claim for punitive damages pushes the amount in controversy well beyond $75,000 and therefore removal is proper pursuant to 28 U.S.C. § 1332(a).

## CONCLUSION

17.     All requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied, *i.e.*, complete diversity of citizenship exists between plaintiff and James River, and the amount in controversy exceeds the statutory minimum. As such, James River respectfully removes the State Court Action from the Circuit Court of Chippewa County, Wisconsin, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully Submitted,

Thomas Terwilliger
Tterwilliger@twpclaw.com
TERWILLIGER, WAKEEN, PIEHLER &
CONWAY, S.C.
The Clark Building
327 N. 17th Avenue, Suite 301
Wausau, Wisconsin 54401
Telephone: 715-845-2121

- and -

Christopher Renzulli (*Pro Hac Vice* to be filed)
Andrew Baginski (*Pro Hac Vice* to be filed)
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
PH: 914-285-0700
F:    914-285-1213